## FLEETWOOD v. WATERS.

### June 19, 1837.

*Rule to show cause why the fieri facias should not be set aside.*

1. A female defendant not having entered security, in the nature of special bail, for a stay of execution, for thirty days, under the 4th section of the act of 16th June, 1836, *fieri facias* may issue before the lapse of the thirty days.

2. But, *quære,* if such security, for a stay of thirty days, if entered, would be a nullity, so that execution might issue nevertheless?

3. The defendant (a female) has the right to enter security absolute for the debt, for the general stay of execution, provided by the act, within thirty days after the rendition of the judgment, whether a *fieri facias* has been issued or not.

4. If, after a *fieri facias* issues, but before the lapse of the thirty days, such absolute security be entered, the execution is superseded, but the plaintiff is entitled to the costs of the execution.

THE defendant was a female. Judgment had been duly entered against her in an action on a promissory note, dated December 20, 1836. The act of 16th June, 1836, section 4, (*Stroud's Purd. tit. Executions,*) prescribes that " every defendant in any judgment, as aforesaid, may, upon entering security in the nature of special bail, have a stay of execution thereon during thirty days from the rendition of such judgment; and if, during that period, he shall give security, to be approved by the court,

or by a judge thereof, for the sum recovered, together with interest and costs, he shall be entitled to the stay of execution, hereinbefore provided in the case of a person owning real estate." By the rule of this court, the security, in the nature of special bail, above referred to, must be entered within seven days after judgment. The plaintiff, after expiration of seven days, no special bail having been entered by the defendant, and, before the expiration of thirty days, issued a *fieri facias.* The defendant obtained this rule to show cause why the *fieri facias* should not be set aside.

*Whitman*, for the rule, referred to the 29th section of the act of 16th June, 1836, relating to executions, providing, that no female shall be arrested for any debt contracted since the 8th February, 1819, nor for any damages recovered for the breach of a contract entered into after the passage of the act, which, he argued, was inconsistent with the 4th section, because the surety, as in cases of *special bail*, could surrender the defendant to prison.

*Guillou*, contra, cited Themar *v.* Stewart, 2 *Penn. R.* 475.

Per Curiam.—It is not necessary, in this case, that a decision should be pronounced on the question raised as to a supposed incongruity between the 4th and 29th sections of the act of 13th June, 1836, relating to executions in the case of female defendants. It is a familiar rule, in the construction a statute, that effect shall be given to every part of its provisions, if possible, without doing violence to its language, so that the whole may stand, and have a practical and sensible operation. The 4th section is express, that "every defendant" may have a stay of execution for thirty days, *on entering security in the nature of special bail.* Whether the defendant, a female, could be surrendered, in consequence of the provisions of the 29th section of the act, it is unnecessary to determine at this time, because, if the security, in the nature of special bail, in such a case, be a nullity, it is clear, that execution against her estate, real and personal, may issue within the thirty days, to be superseded only by entering surety, within that time, for the general stay of execution, which is absolute, for the debt; while, if the provision for entering security, in the nature of special bail, for a stay of thirty days, be applicable to the case of a female defendant, then that security, not having been entered here, according to the rule of

[Fleetwood v. Waters.]

court, the *fieri facias* has rightly issued. Nor do we determine, whether the 29th section of the act applies simply to " arrest" on an original or final process, or includes the right to surrender on a bailpiece, if security in the nature of special bail for the thirty days' stay has been entered. A female defendant, however, has the right to the general stay of execution designated by the 3d section, on entering, within the thirty days, the security designated in the 4th section, whether execution has issued or not. If this security is entered after a *fieri facias,* but before the thirty days have elapsed, the plaintiff is entitled to costs of the execution.

Rule discharged.